18403. CITY PURCHASING COMPANY *v.* CLOUGH.

54

DECIDED MARCH 16, 1928.

*R. R. Jackson,* for plaintiff in error.

*Watkins, Asbill & Watkins, Homer Watkins,* contra.

JENKINS, P. J. Plaintiff alleges that he procured a loan from the defendant at a rate of interest in excess of that authorized by the provisions of the act approved August 17, 1920 (Ga. L. 1920, p. 215), and that in order to secure the loan he was required to execute in blank what purported to be an unconditional assignment of his salary to the defendant, with the express understanding, however, that the assignment was not "to be completed or used by defendant except as evidence of the indebtedness, and then only in the event of petitioner's death or refusal to pay same." The petition alleges that the defendant subjected itself to damages by seeking to enforce the assignment, not only because it was void, but in violation of its express agreement not to enforce the same, and with knowledge that it would cause the plaintiff to be discharged, as he in fact was, in accordance with a standing rule governing his employment, under which "petitioner is discharged automatically whenever he executed any sale or assignment of his wages." The defendant excepts to the failure of the court to sustain its general demurrer to the petition.

1. The plaintiff can not rely upon the breach of the alleged contemporaneous oral understanding between himself and the defendant, by which he seeks to contradict the terms of the written assignment of his salary by showing that it was then understood and agreed that the assignment as made was not to be enforced. *Hirsch* v. *Oliver,* 91 *Ga.* 554 (18 S. E. 354); *Rheney* v. *Anderson,* 22 *Ga. App.* 417, 421 (96 S. E. 217). As against a general demurrer, the petition set forth a cause of action on the theory that the defendant, knowing that the plaintiff would incur the penalty of discharge upon his employer's being apprised that he had sought to make an assignment of his salary, maliciously proceeded to serve the purported assignment upon the employer, though knowing that it was illegal, void, and of no effect. Had not the assignment been known to be illegal and void, as alleged, and if its service upon the em-

ployer had been made in an attempt to collect money under a bona fide legal claim, the mere exposure of the plaintiff's conduct, subjecting him to the penalty of the rule, would not constitute a cause of action. The gist of the action as set forth by the petition lies in exposing the plaintiff to the penalty of discharge, not for the purpose of collecting a bona fide claim, but for the purpose of illegally extorting money. Penal Code (1910), § 118; *Chunn* v. *State*, 125 *Ga.* 789 (54 S. E. 751).

2. This court is without jurisdiction to determine the remaining point raised by the bill of exceptions, to wit, that the court erred in dismissing the special demurrer of the defendant because not filed in time. See, in this connection, *Turner* v. *Camp*, 110 *Ga.* 632 (36 S. E. 76); *Cone* v. *Hunter*, 38 *Ga. App.* 45 (142 S. E. 468), and cases there cited. Since it appears from the record that exceptions pendente lite to the latter judgment were taken, no direction is given with reference to the reservation of such exceptions.

*Judgment affirmed. Stephens and Bell, JJ., concur.*