# Trammell v. Citizens News Co., Inc.

Feb. 25, 1941.

Garfield R. Drinnon for appellant.

F. R. Whalin and H. L. Bryant for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The Citizens News Company, a corporation, is engaged in the business of publishing a newspaper known as the Middlesboro Daily News in Middlesboro, Kentucky. On September 19, 1939, and September 26, 1939, the following notice appeared in the newspaper:

"Sept. 18, 1939. Service Cafe Store

"Gen. Merchandise, Oneida, Tenn.

"To Rev. P. L. Trammell, 201 Avondale Ave., Middlesboro, Ky.

"Grocery Account $41.72

"Your account as above now appears on my books. This account has been on my books since 8-31-38. If there is any error, please let me know at once. If the account is correctly stated, please come in and make arrangements for settlement.

"Yours very truly,

"(Signed) Mrs. Ovia Cross."

On October 17, 1939, P. L. Trammell brought an action in the Bell circuit court against Mrs. Ovia Cross and W. A. Terry, partners doing business under the firm name of Service Cafe Store, and the Citizens News Company to recover damages in the sum of $5,000. He alleged in his petition that during the period of about seven years last past he had purchased goods and mer-

chandise from the defendants, Ovia Cross and W. A. Terry, and had run an open account with them at their place of business known as Service Cafe Store; that on August 31, 1939, his account amounted to the sum of $41.72, which he was unable to pay because of unfortunate circumstances; and that Mrs. Ovia Cross wrote him a letter telling him that if the account was not paid on or before September 19, 1939, she would publish the account in the Middlesboro Daily News. Before the publication was made and after he had received the letter from Mrs. Ovia Cross, he went to the editor of the Middlesboro Naily News and requested him to refuse to publish the notice; that the Citizens News Company, although knowing and having been informed of the malicious motive and intent and purpose for which the publication was being made, did, on September 19, 1939, and September 26, 1939, without right or authority of law, and unlawfully, wickedly, and maliciously publish and circulate said libelous matter for the purpose of coercing payment of the account and exposing the plaintiff "to public contempt, ridicule or disgrace, knowing that the matter so published was of a private nature and the matter did not concern the public, and thereby causing plaintiff great mental pain, humiliation, mortification, and injuring plaintiff's standing in his community and other sections of Tennessee, Kentucky, and Virginia, where said Middlesboro Daily News is circulated." The separate demurrer of the defendant, Citizens News Company, to the petition was sustained, and, the plaintiff having declined to amend his petition, it was dismissed as to the Citizens News Company, and the plaintiff appeals.

In Brents v. Morgan, 221 Ky. 765, 299 S. W. 967, 55 A. L. R. 964, a creditor caused a large sign to be placed in a show window of his garage fronting on one of the principal streets of the city in which both he and the debtor lived. The sign bore the following words:

"Notice.

"Dr. W. R. Morgan owes an account here of $49.67. And if promises would pay an account this account would have been settled long ago. This account will be advertised as long as it remains unpaid."

It was held that the method used by the creditor

was an unwarranted invasion of the debtor's right of privacy, and gave the debtor a right of action for damages.

It is argued by appellee that the rule announced in Brents v. Morgan is an innovation in the common law, is unsound, and should be abandoned. It is said that the right did not exist at common law, and that it was first adopted following an article published in 1890 in 4 Harvard Law Review, page 193, of which the late Justice Louis D. Brandeis was one of the authors. As pointed out in the Brents case, the doctrine of the right of privacy was recognized by this court as early as 1867 in the case of Grigsby v. Breckinridge, 2 Bush 480, 92 Am. Dec. 509. Changed conditions sometimes require the modification or abandonment of old principles governing the conduct of the members of society and the formulation of new rules and principles to solve newly created problems. One of the glories of the common law is its adaptability to changing conditions. In an article by Roscoe Pound in 28 Harvard Law Review 343, 363, the author, in discussing the doctrine of the right of privacy, said:

> "While the law is slow in recognizing this interest as something to be secured in and of itself, it would seem that the aggressions of a type of unscrupulous journalism, the invasions of privacy by reporters in competition for a 'story,' the activities of photographers, and the temptation to advertisers to sacrifice private feelings to their individual gain call upon the law to do more in the attempt to secure this interest than merely take incidental account of infringements of it. A man's feelings are as much a part of his personality as his limbs. The actions that protect the latter from injury may well be made to protect the former by the ordinary process of legal growth. The problems are rather to devise suitable redress and to limit the right in view of other interests involved."

The case of Brents v. Morgan has been cited with approval and followed in a number of subsequent cases, and the doctrine therein announced has become firmly imbedded in our jurisprudence and we are not now disposed to overrule these earlier decisions and reject it. Engleman v. Caldwell & Jones, 243 Ky. 23, 47 S. W.

(2d) 971; Rhodes v. Graham, 238 Ky. 225, 37 S. W. (2d) 46; Jones v. Herald Post Co., 230 Ky. 227, 18 S. W. (2d) 972; Cf. Douglas v. Stokes, 149 Ky. 506, 149 S. W. 849, 49 L. R. A., N. S., 386, Ann. Cas. 1914B, 374; Thompson v. Adelberg & Berman, 181 Ky. 487, 205 S. W. 558, 3 A. L. R. 1594; Smith v. Pure Oil Co., 278 Ky. 430, 128 S. W. (2d) 931; Sidis v. F-R Publishing Corp., 2 Cir., 113 F. (2d) 806.

Appellee seeks to distinguish the present case from Brents v. Morgan so far as the appellee, Citizens News Company, is concerned, since it was not interested in coercing payment of the debt. However, the primary cause of the injury to appellant, if any, was the publishing of the notice in appellee's newspaper. The contents of the notice were not matters of public interest, and the appellee necessarily knew that its publication would tend to expose appellant to public contempt, ridicule or disgrace, and that its purpose was to coerce payment of the account. The constitutional guaranty of free speech and press does not protect the publication of such matters under the circumstances alleged in the petition. The defendants, Ovia Cross and W. A. Terry, unquestionably had a right to demand payment of their claim and if not paid their proper remedy was a resort to the court for its collection. There was no justification for the publication of the notice. It could have been made only for the purpose of exposing the debtor to contempt, ridicule or disgrace, and so to coerce payment of the debt. The contents of the notice concerned only the creditors and the debtor, and were of no interest to the public. Under the circumstances alleged in the petition, the publication of the notice by appellee was unwarranted. The publication bordered on the libelous, since it carried the implication of dishonesty on the part of appellant. We think the petition stated a cause of action against the appellee, and that the court erred in sustaining its separate demurrer thereto.

The judgment is reversed, with directions to overrule the demurrer.