[Civ. No. 18352.   Second Dist., Div. One.   Nov. 5, 1951.]

MICHAEL D. JEFFERS, Appellant, v. SCREEN EXTRAS
GUILD, INC., et al., Respondents.

Perry Bertram for Appellant.

Gilbert, Nissen & Irvin and Robert W. Gilbert for Respondents.

DRAPEAU, J.—Demurrer was sustained to plaintiff's second amended complaint for libel, with leave to amend. Failing to file another amended complaint in time, upon motion of defendants, an order was made dismissing the action under the provisions of subdivision 3 of section 581 of the Code of Civil Procedure.

Plaintiff appeals from the order dismissing the action; from the order sustaining the demurrer; and from an order subsequently made, denying his motion under Code of Civil Procedure, section 473, to vacate and set aside the order of dismissal.

Some considerable portion of the briefs has been devoted to the two grounds of appeal last stated. These may be summarily disposed of by stating: ▆ First, that an order sustaining or overruling a demurrer, without further action by the court, is not appealable. (*Harmon* v. *De Turk*, 176 Cal. 758 [169 P. 680]; *Wood, Curtis & Co.* v. *Missouri Pac. Ry. Co.*, 152 Cal. 344 [92 P. 868].) ▆ Secondly, while the order denying relief under Code of Civil Procedure, section 473, is appealable (*Phelan* v. *Superior Court*, 35 Cal.2d 363 [217 P.2d 951]), it is not necessary to pass upon it because the appeal from the order of dismissal must be sustained.

This court is required to determine whether, as a matter of law, the complaint states a cause of action. ▆ The order of dismissal entered on the minutes of the court was a final judgment from which an appeal could be taken. (*Colby* v. *Pierce*, 15 Cal.App.2d 723 [59 P.2d 1046].) ▆ And, failing to amend the complaint, plaintiff in effect refused to amend. (*Saddlemire* v. *Stockton Savings & L. Soc.*, 144 Cal. 650 [79 P. 381]; *Huffaker* v. *Decker*, 77 Cal.App.2d 383 [175 P.2d 254]; *Litch* v. *Kerns*, 8 Cal.App. 747 [97 P. 897]; 21 Cal.Jur. 125.)

▆ The complaint alleges that plaintiff was libeled by statements in a publication of defendants' called "News Letters to Members."

Asserted libelous statements in the article are as follows:

"Mike Jeffers, demogogue and would-be dictator, was forced out into the open last week as the leader of the small clique that seeks to destroy Screen Extras Guild. Jeffers personally solicited signatures on an anti-Guild petition and he personally handed out an unsigned, mimeographed, lying attack on the officers and directors of the Guild. The Screen Extras Guild accepts Jeffers' challenge and will continue to expose him for what he is—a would-be dictator who seeks to further his own

selfish ambitions at the expense of the extra players; a discredited leader of a discredited union which permitted open shop for extra players and started to flood the extras' ranks with non-union newcomers. That is Jeffers.

"Jeffers yells his head off each time one of his underhanded schemes is exposed as a plot by leaders of the defunct SPU to destroy our American Federation of Labor Guild of extra players. Of course he doesn't like it. He would prefer that the extras would forget all about the terrible things he did to the extras. Jeffers would like the extra players to forget that he was part of the Commie-influenced Conference of Studio Unions which pulled two disastrous jurisdictional strikes in 1945 and 1946. Jeffers would like you to forget that he never did one thing for the good of the extra players, that all he did was to bring about open shop. But the extra players are not going to forget it—now or ever.

. . . . . . . . . . . . . . . . .

"Jeffers has sunk to a new low in his scheme to destroy the Screen Extras Guild. He now has as his ally the slimiest, dirtiest, most despised scandal sheet in the entire history of Hollywood. 'Birds of a feather flock together' and this disreputable, lying, blackguard, yellow rag is now supporting Jeffers in his attempt to split and destroy the Guild. The Screen Extras Guild, its officers and directors are proud to be on the 'blacklist' of this filthy publication. The Screen Extras Guild refuses to be blackjacked into paying tribute under any guise whatsoever to any publication. Jeffers is welcome to his latest rotten associate. SEG dares them to sue us for libel."

Many California libel cases repeat the definition of libel set forth in section 45 of the Civil Code: "a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (*Pridonoff* v. *Balokovich,* 36 Cal.2d 788 [228 P.2d 6].)

█ This definition is very broad. It includes almost any language which upon its face has a natural tendency to injure a person's reputation, either generally, or with respect to his occupation. (*Dethlefsen* v. *Stull,* 86 Cal.App.2d 499 [195 P.2d 56].)

█ Applying the rule to the words appearing in the complaint, the conclusion is manifest that they are libelous.

Read as a whole, the complaint states a cause of action.

(*Oberkotter* v. *Woolman*, 187 Cal. 500 [202 P. 669]; and see West's California Digest, Libel and Slander; McKinney's California Digest, same title; 12 So.Cal.L.Rev. 225.)

The order dismissing the action is reversed, with directions to the trial court to overrule the demurrer, and allow defendants a reasonable time within which to answer the complaint herein.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 23, 1951, and respondents' petition for a hearing by the Supreme Court was denied January 3, 1952.