## LUCAS v. MOSKINS STORES, Inc.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Howard L. VanArsdale, Raymond C. Arny, Louisville, for appellant.

Hugo Taustine, Louisville, for appellee.

SIMS, Chief Justice.

A general demurrer was sustained to appellant's petition, which was dismissed when he refused to further plead. Therefore, the sole question before us is, Did the petition state a cause of action?

The petition averred appellee sold wearing apparel under the name of Moskin's Credit Clothing and that appellant was an employee of the American Radiator & Standard Sanitary Corporation; that appellee mailed appellant numerous written demands to pay it an account of $8.65 which it contended appellant owed it. Having received no satisfaction from these demands, appellee on April 16, 1941, mailed to appellant's employer this letter.

"American Rad. & San. Mfg. Co.
7th & Hill
City
    Re: Your Employee
        Edgar Lucas. Acct. No. 11251
"Dear Sirs:

"We are taking the liberty of writing you in reference to the above party, who is now in your employ, and indebted to us for merchandise purchased, payment of which is long past due.

"We appreciate the fact you are not a collection agency and assure you we are not writing in that spirit. However, the account has reached a stage where it is ready for action through our legal department, but as one employer to another, feel it only fair to advise you of this matter so that

your employee will not find it necessary to absent himself from his duties to attend Court at a time when his services may be needed most.

"We ask your cooperation as a matter of courtesy to tear off the bottom of this letter, placing it in the proper channel, so that same will be enclosed in the employee's next pay envelope. This may be the means of ending further correspondence on the subject, which we assure you was not initiated until all other efforts had failed.

"Yours very truly,
Moskin's Credit Clothing
(S) F. J. Kremer, Cred. Mgr.

.........................................

"Employee ————
"The Moskin's Store has notified us of your account with them which we understand is long past due. You are requested to call at the store and see the manager immediately, so that satisfactory arrangements can be made for the payment of this bill.

"——————."

The petition further averred that the writing and delivery of this letter to appellant's employer (which was handed to appellant by his employer's Public Relations Director) was an invasion of appellant's right of privacy and exposed him to contempt and ridicule and disgraced him with his employer and fellow employees and humiliated and embarrassed him to his damage in the sum of $2,500.

The letter complained of in the instant case is of the same tenor as the one written to Voneye's employer in Voneye v. Turner, Ky., 240 S.W.2d 588, 589, which we now set out for the purpose of the reader's easy comparison:

"Personnel Director
Louisville Medical Depot
Louisville, Ky.

"Dear Sir:

"Am writing you as per our telephone conversation of April 26th in regard to your employee, Charles Vaneye. Mr. Vaneye signed a note here on Aug. 10, 1948, in the amount of $300 for his cousin, Mr. James E. Tinsley. At the time of this writing the balance is $281.84. The account is now five (5) full payments in arrears. As I told you on the phone, I contacted Mr. Vaneye a number of times and he informed me that he definitely was not going to pay. Mr. Tinsley is not working and he has not worked since Jan. 24th. When he does work he is an automobile salesman, and he has had trouble finding a job due to the current used car market.

"Enclosed you will find a self-addressed stamped envelope. Anything you can do for us in this matter will certainly be appreciated."

The petition in the Voneye case averred the letter was written to Voneye's employer for the purpose of coercing him to pay a debt and to hold him up to ridicule and scorn and was an invasion of his privacy. In the Voneye opinion we upheld the ruling of the trial court in sustaining a demurrer to the petition. We fully discussed the question of invasion of right of privacy, hence we see no reason to reiterate what was there written, and instead of so doing, we refer the reader to the Voneye opinion.

It might be well to add the fact that appellant here received many more letters from his creditor than did Voneye has no legal bearing on the case. Nor does the fact that appellant here denied owing the $8.65 while Voneye did not deny his debt, have any legal significance. The sole question in each case was did the letter mailed by the creditor to the debtor's employer invade the debtor's right of privacy.

We say here as we did in the Voneye opinion, there was no invasion of the debtor's right of privacy. The judgment is affirmed.

CAMMACK, MILLIKEN and MOREMEN, JJ., dissenting for the reason they dissented in the Voneye case.