### 19819. GOULDMAN-TABER PONTIAC, INC. *v.* ZERBST.

Mobley, Justice. This case is before this court on the grant of a petition for certiorari to the Court of Appeals (96 *Ga. App.* 48, 99 S. E. 2d 475), that court having affirmed the judgment of the trial court overruling general demurrers to the petition, which sought damages for an alleged invasion of the plaintiff's right of privacy. The allegations of the petition are that the defendant wrote to the plaintiff's employer the following letter: "Dear Sir: We are writing you in regards to the above named customer who is employed with Lockheed Aircraft Corp. We are always reluctant to write the employer of our accounts, but in this instance it is done as a last resort. We have made every effort to form an amicable settlement with this customer but have had no cooperation from her. We would appreciate any assistance that you might give us in the termination of an honest debt made by Beverly L. Zerbst"; that the parties were in disagreement about a repair bill on the plaintiff's automobile, which she contended was not due because the repair work was improperly done; that her employer confronted her with the letter and advised her that it would be placed in her permanent file until such time as the employer was advised that she had settled the bill; that as a result of the aforesaid she suffered humiliation, embarrassment, mental pain and stress; and that the act of the defendant was a wilful, intentional, and malicious attack upon her good name and character and constituted an invasion of her right of privacy. *Held:*

1. That an action will lie for a violation of the right of privacy was established in this State in *Pavesich* v. *New England Life Insurance Co.,* 122 *Ga.* 190 (50 S. E. 68, 69 L. R. A. 101, 106 Am. St. R. 104, 2 Ann. Cas. 561) which was the first recognition of this right by any court of last resort in this country. Its chief impetus to recognition as an independent right originated in an article by Samuel D. Warren and Louis D.

Brandeis in 1890. Since the *Pavesich* decision the following cases in this State have followed it: *Bazemore* v. *Savannah Hospital*, 171 *Ga.* 257 (155 S. E. 194); *McDaniel* v. *Atlanta Coca-Cola Bottling Co.*, 60 *Ga. App.* 92 (2 S. E. 2d 810); *Davis* v. *General Finance & Thrift Corp.*, 80 *Ga. App.* 708, 710 (57 S. E. 2d 225); *Waters* v. *Fleetwood*, 212 *Ga.* 161 (91 S. E. 2d 344); and the right of privacy has been recognized in the following jurisdictions: Alabama, Arizona, California, District of Columbia, New Jersey, North Carolina, Oregon, Pennsylvania, and South Carolina. See *Housh* v. Peth, 165 Ohio St. 35 (133 N. E. 2d 340).

2. In the *Pavesich* case it was said: "The right of privacy is embraced within the absolute rights of personal security and personal liberty. Personal security includes the right to exist and the right to the enjoyment of life while existing, and is invaded not only by a deprivation of life, but also by a deprivation of those things which are necessary to the enjoyment of life according to the nature, temperament, and lawful desires of the individual. Personal liberty includes not only freedom from physical restraint, but also the right 'to be let alone,' to determine one's mode of life, whether it shall be a life of publicity or of privacy, and to order one's life and manage one's affairs in a manner that may be most agreeable to him so long as he does not violate the rights of others or of the public." 122 *Ga.* 190 (3, 4, 5). Other courts have defined the right of privacy as "the right of a person . . . to be free from unwarranted publicity, . . . or the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public had no legitimate concern." *Housh* v. Peth, 165 Ohio St. 35 (133 N. E. 2d 340). Voneye v. Turner (Ky.) 240 S. W. 2d 588 (3); Brents v. Morgan, 221 Ky. 765 (299 S. W. 967, 55 A. L. R. 964). See also Restatement of the Law of Torts, Vol. 4, p. 398, § 867; 41 Am. Jur. 925, 934, §§ 2, 12.

3. Whether a letter written by a creditor to an employer notifying him that his employee is indebted to the creditor and seeking the employer's aid in the collection of the debt constitutes a violation of the right of privacy of the employee, is a question of first impression in this State. Courts of other jurisdictions in dealing with the question have generally held that such does not give a cause of action for a violation of the right of privacy, their reasoning being that, in giving this in-

formation to an employer, it was not giving to the general public information concerning a private matter in which it had, or could have, no legitimate interest, since an employer has a natural and proper interest in the debts of his employees. Voneye v. Turner, supra; Patton v. Jacobs, 118 Ind. App. 358 (78 N. E. 2d 789); Lewis v. Physicians & Dentists Credit Bureau, Inc., 27 Wash. 2d 267 (177 Pac. 2d 896); McKinzie v. Huckaby, 112 Fed. Supp. 642; Housh v. Peth, supra; Hawley v. Professional Credit Bureau, Inc., 345 Mich. 500 (76 N. W. 2d 835). Applying the principles of the *Pavesich* case and definitions of the right of privacy of other jurisdictions quoted above, we are of the opinion that sending the letter in this case to the plaintiff's employer did not violate her right of privacy. The right of privacy is not absolute, but is qualified by the rights of others. "No individual can live in an ivory tower and at the same time participate in society and expect complete non-interference from other members of the public." Voneye v. Turner, supra. A recluse who completely extricated himself from society might well expect no interference whatever from the outside world. But one who, like the plaintiff, is employed by a large corporation, who is an active participant in the business world, who has an automobile and drives it upon the highways, has it serviced and repaired, and obtains credit for goods and services used in repairing her car, may expect reasonable conduct on the part of those with whom she does business and from whom she gets credit. Where she seeks and obtains credit from one such as the defendant, she may expect the creditor to investigate her and her reputation, particularly for paying her bills, to ascertain for whom she works, and to communicate with her employer for information about her. She may expect her employer to want her to pay her bill, and may further expect her creditor to use reasonable means to persuade her to do so, and on failure to persuade to force her to do so through the courts. When she accepts the credit, she impliedly consents for her creditor to take all reasonable and necessary action to collect the bill. Writing to her employer, as this creditor did, was in our opinion a reasonable exercise of his rights and constituted no unwarranted or unreasonable interference with her right of privacy.

The Court of Appeals erred in sustaining the judgment of the

trial court and in holding that the petition stated a cause of action for a violation of the plaintiff's right of privacy.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*Hurt, Gaines, Baird, Peek & Peabody, W. Neal Baird, Robt. F. Lyle,* for plaintiff in error.

*Moise, Post & Gardner, Allen Post, J. Wm. Gibson, Cain D. Dorsey, Jr., Dorsey & Dorsey, H. Sol Clark, Brannen, Clark & Hester,* for party at interest not party to record.

*Dennis F. Jones,* contra.