[Civ. No. 28538. Second Dist., Div. Three. June 14, 1966.]

JUDITH SCHWARTZ, Plaintiff and Appellant, v. DAVID
A. THIELE, Defendant and Respondent.

Judith Schwartz, in pro. per., and William Hicks for Plaintiff and Appellant.

Kirtland & Packard and Judith O. Hollinger for Defendant and Respondent.

FRAMPTON, J. pro tem.* — The appellant, Judith Schwartz, is the plaintiff in an action filed in the Superior Court of Los Angeles County, wherein she seeks damages against the defendant, David A. Thiele, the respondent here, for damages for the alleged invasion of her privacy.

The third amended complaint sets forth the following factual background as the basis of her right to recovery. It is alleged in substance that Thiele was and still is a physician and surgeon duly licensed to practice his profession in the State of California and that he maintains his office for the practice of his profession in Los Angeles County; that Schwartz was, at all times mentioned in the complaint, a resident of Los Angeles County and that her cause of action arose in that county.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The third amended complaint further alleges that the defendant Thiele was and is a stranger to the plaintiff and that at no time, past or present, has the plaintiff ever engaged the defendant or consulted with him in his capacity as a physician and surgeon or in any other capacity or at all and that the plaintiff has never been mentally ill.

The third amended complaint further alleges that at or about the hour of 9:30 o'clock on the morning of September 7, 1962, while the plaintiff and her sister, after having had breakfast at a restaurant in the City of Los Angeles, were walking to her automobile which was parked in a parking area maintained by the restaurant, the defendant, a total stranger to the plaintiff, without cause whatever on the part of plaintiff, and without her consent, purported to make an examination of plaintiff as to her mental illness. That the time consumed in the incident at the parking area did not exceed three minutes in duration, including the time it took the plaintiff to call her attorney by telephone, after which call she obtained the name of the defendant.

The third amended complaint further alleges that on September 7, 1962, without the consent of the plaintiff, the defendant, acting in his capacity as a licensed physician and surgeon and with the intent to gain a profit thereby, wrote a letter, directed to the psychiatric department of the superior court, stating in substance that he had examined the plaintiff and that in his opinion she was mentally ill and that because of such mental illness she was likely to injure herself or others if not immediately hospitalized or detained. That on or about September 12, 1962, the defendant caused the letter to be delivered to the office of. the counselor in mental health of the psychiatric department of the Superior Court of Los Angeles County (see §§ 5025 to 5030, Welf. & Inst. Code), which letter became a part of the records of said office.

It further appears from the allegations of the third amended complaint that no verified petition was ever filed wherein it was alleged that the plaintiff was a mentally ill person (see former §§ 5047 to 5049, Welf. and Inst. Code, now §§ 5551-5553), but notwithstanding this, after the filing of said letter in the office of the counsel in mental health and on or about September 12, 1962, a judge of the superior court signed an order, under the provisions of section 1871 of the Code of Civil Procedure,[1] appointing a medical doctor to examine the plain-

---

[1] "Whenever it shall be made to appear to any court or judge thereof, either before or during the trial of any action or proceeding, civil, crim-

tiff as to her mental health, and that thereafter said medical doctor attempted, through plaintiff's attorney, to arrange an appointment for the purpose of examining the plaintiff as to her mental health. That plaintiff was never examined by the court-appointed doctor. However, immediately upon learning of the attempt of the court-appointed doctor to examine her as to her mental health and upon learning that the defendant had caused the letter dated September 7, 1962, to be filed in the records of the office of the counselor in mental health, the plaintiff engaged her own medical doctor to and he did examine her and upon such examination he found that she was not a mentally ill person. That her doctor, on September 19, 1962, submitted his written report of his examination and findings to the counselor in mental health and thereupon all of the proceedings against her were dismissed.

Plaintiff alleges that by reason of the foregoing acts the plaintiff's right of privacy has been invaded by the defendant thereby causing her great mental pain and physical suffering, humiliation, annoyance and mortification, and has tended to expose the plaintiff to public ridicule and disgrace and that by reason thereof she has been damaged in the sum of $100,000.

A demurrer to the third amended complaint on the ground that the complaint fails to state a cause of action was sustained without leave to amend, and thereafter the action was dismissed pursuant to the provisions of subdivision 3 of section 581 of the Code of Civil Procedure. Such order of dismissal constitutes a final judgment (Code Civ. Proc., § 581d). The appeal is from this judgment.

Plaintiff based her case in the trial court, as she does here, solely upon the theory that upon the facts pleaded in her third amended complaint she stated a cause of action for the invasion of her right of privacy.

According to the pleadings, the communication caused to be delivered to the office of the counselor in mental health was a letter signed by the defendant in which he expressed the opinion that the plaintiff was mentally ill and by reason of such illness is likely to injure herself or others if not immediately hospitalized or detained. This letter was not in the form of a verified petition, the defendant was not a relative

inal, or juvenile court, pending before such court, that expert evidence is, or will be required by the court or any party to such action or proceeding, such court or judge may, on motion of any party, or on motion of such court or judge, appoint one or more experts to investigate and testify at the trial of such action or proceeding relative to the matter or matters as to which such expert evidence is, or will be required, . . .''

or a friend of the plaintiff nor was he her attending physician, neither was he a physician attached to a public hospital or institution in which the plaintiff was a patient. (Welf. & Inst. Code, former § 5047 now § 5551.) Any person, however, may file in the superior court a verified petition alleging that there is in the county a person who is mentally ill and in need of supervision, care or treatment, and asking that examination be made of the mental health of the person, and when no relative, friend or other person can be found in the county who is able and willing to make and file such a petition then any peace officer, probation officer, physician attending the patient, physician attached to a public hospital or institution if the person is a patient therein, or public guardian may make and file the petition. (Welf. & Inst. Code, § 5551.) "... When a petition is filed by any such person, neither the person making or filing the petition, nor his superiors, nor the department, hospital, or institution to which he is attached nor any of its employees, shall be rendered liable thereby either civilly or criminally if there was probable cause for the making and filing of said petition." (Welf. & Inst. Code, § 5551.)

Every counselor, assistant counselor, and deputy counselor in mental health is a peace officer and a probation officer within the meaning of those terms as used in section 5551 of the Welfare and Institutions Code. (Welf. & Inst. Code, §§ 5029, 5030.)

According to the allegations of the third amended complaint, after the letter above referred to was received by the counselor in mental health, he took certain proceedings designed to ascertain the condition of plaintiff's mental health and in connection with such proceedings an order was signed by a judge of the superior court, under the provisions of section 1871 of the Code of Civil Procedure, appointing a medical doctor to examine the plaintiff as to the condition of her mental health.

As heretofore pointed out and according to the pleadings, the letter delivered to the counselor in mental health was not a verified petition as is required under the provisions of section 5551 of the Welfare and Institutions Code and such letter, therefore, did not constitute the commencement of an action or proceeding in the superior court. In the absence of an action or proceeding pending in the superior court such court would have no authority to appoint an expert witness. The court could not appoint an expert witness to testify at the trial of an action or proceeding which did not exist. (See § 1871, Code Civ. Proc.) We can find no authority in the law

for the procedure alleged to have been taken by the counselor in mental health after receipt of the letter written by the defendant.

It is not alleged that the act of the defendant in writing the letter and sending it to the office of the counselor in mental health was done without probable cause nor is it alleged that it was done maliciously or that the defendant controlled or aided, assisted and abetted the action of the counselor in mental health in taking the unwarranted procedure adopted by him.

There are no allegations in the pleading before us wherein it is made to appear that the procedure carried out by the counselor in mental health was other than confidential in its nature; and it does not appear that any publicity was attached to it other than to make the plaintiff and her attorney aware of the fact that an examination of the plaintiff as to her mental health was sought. If it can be said that there was any publicity connected with the incident it could be no greater than the publicity which would have attached to the incident had there been a verified petition filed under the provisions of section 5551 of the Welfare and Institutions Code.

If the defendant had filed a verified petition as provided in section 5551 of the Welfare and Institutions Code, not as the plaintiff's attending physician, but as any person may do, and if there was probable cause for the making and filing of such a petition, then the defendant would not be liable therefor either civilly or criminally. (Welf. & Inst. Code, § 5551.)

If the defendant is entitled to immunity in filing a verified petition under the provisions of section 5551 of the Welfare and Institutions Code, where there is probable cause for the filing of such a petition, then he is entitled to the same immunity where his conduct falls short of the filing of a verified petition and amounts only to the making of a complaint to an officer interested in the subject of the complaint and who is authorized to take proper steps to investigate the matter; assuming that there was probable cause to make the complaint. In the absence of allegations in the pleading before us that the defendant acted without probable cause we must assume that there was probable cause for his act. (Code Civ. Proc., § 1963, subd. 1.)

Section 867 of the Restatement of the Law of Torts provides as follows: ''A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to

to the other." (Rest., Torts, § 867.) The right of privacy is recognized in California as a justiciable right. " 'The right of privacy has been defined as the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity. In short it is the right to be let alone.' " (*Melvin* v. *Reid*, 112 Cal.App. 285, 289 [297 P. 91]; see also *Kerby* v. *Hal Roach Studios*, 53 Cal.App.2d 207 [127 P.2d 577].)

Prosser in discussing the right of privacy as it relates to the public disclosure of private facts says: "Some limits of this branch of the right of privacy appear to be fairly well marked out. The disclosure of the private facts must be a public disclosure, and not a private one; there must be, in other words, publicity." (Prosser on Torts (3d ed.) § 112, p. 835; see also *Werner* v. *Times-Mirror Co.*, 193 Cal.App.2d 111, 120 [14 Cal.Rptr. 208].) "It is pointed out in Prosser on Torts (2nd ed.), § 97 that except in cases of physical intrusion the tort must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few." (*Santièsteban* v. *Goodyear Tire & Rubber Co.* (5th Cir. 1962) 306 F.2d 9, 11.) "The gravamen of the tort is ordinarily the unwarranted publication by defendant of intimate details of plaintiff's private life." (*Coverstone* v. *Davies*, 38 Cal.2d 315, 322, 323 [239 P.2d 876].) "The facts concerning the arrest and prosecution of those charged with violation of the law are matters of general public interest. Therefore the publication of details of such official actions cannot, in the absence of defamatory statements, be actionable." (*Coverstone* v. *Davies, supra*, p. 323.) "On the public street, or in any other public place, the plaintiff has no legal right to be alone; and it is no invasion of his privacy to do no more than follow him about and watch him there." (Prosser on Torts (3d ed.) § 112, p. 834.)

 The restraint and treatment of persons who are mentally ill is a matter of public concern. If a person in good faith and for probable cause makes a written statement to an agency charged with the duty of enforcement of the law, designed to give such agency information upon which it can conduct an investigation, such a communication is not an invasion of the right of privacy of the person who is the subject of the communication.

 In the case at bench, so far as it may be determined from the pleading, the defendant had some contact with the

plaintiff, the exact nature of which is not disclosed, in a parking lot adjacent to a restaurant which was open to the public. As a result of this contact the defendant made a written communication to the counselor in mental health, a peace officer, in which he stated in substance that the plaintiff was a mentally ill person and was in need of care and treatment. There was probable cause for the making of such communication. The content of the communication .was not published as is required in order to give rise to a cause of action for the invasion of privacy. The defendant, having probable cause for the making of such communication, is entitled to immunity from civil damages for the making thereof. The content of the communication not having been published there was no invasion of the plaintiff's right of privacy.

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.