[Civ. No. 32997.   Second Dist., Div. Three.   May 9, 1969.]

DARRELL TIMPERLEY, Plaintiff and Appellant, v.
CHASE COLLECTION SERVICE et al., Defendants
and Respondents.

Roger C. Campbell for Plaintiff and Appellant.

Louis R. Eglash for Defendants and Respondents.

THE COURT. — Respondents' demurrer to the second amended complaint was sustained with 20 days' leave to amend on the ground that no cause of action was stated. Two months later, when appellant failed to amend, respondents moved to dismiss under Code of Civil Procedure section 581 subdivision 3. Appellant appeals from the judgment of dismissal that followed and purports to appeal also from the order sustaining the demurrer. The order sustaining the demurrer is a preliminary order that is not separately appealable. (*Jeffers* v. *Screen Extras Guild, Inc.,* 107 Cal. App.2d 253, 254 [237 P.2d 51].)

Respondents contend at the outset that the sufficiency of the complaint is not before us on this appeal and that the sole question presented is whether the trial court properly granted the motion to dismiss in view of appellant's failure to amend or to appear in response to respondents' motion to dismiss. This contention is contrary to authority, as respondents recognize. (*Sierra Inv. Corp.* v. *County of Sacramento,* 252 Cal.App.2d 339 [60 Cal.Rptr. 519] ; *Jeffers* v. *Screen Extras Guild, Inc., supra,* 107 Cal.App.2d 253.) *Saddlemire* v. *Stockton Sav. & Loan Soc.,* 144 Cal. 650 [79 P. 381], cited by respondents in support of their contention, holds precisely the opposite. *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4 [74 P. 352], also relied upon by respondents, is not in point since it involved dismissal after failure of the plaintiff to return or file summons within three years. The dismissal was reversed because the appellate court concluded that the defendant whose motion to dismiss had been granted had appeared in the action. Appellate counsel does not serve either this court or the cause of his clients by such careless citation of authority.

The second amended complaint alleges that respondent Chase Collection Service wrote a letter to appellant's employer, the United States Post Office, without any request by the employer or notice to appellant, advising the employer that appellant had not paid a $206 attorneys' bill that had been assigned to Chase for collection. The letter asked the employer to advise appellant that "unless this matter is taken care of with payment directly to Chase Collection Service within five (5) days, we will be forced to proceed with legal action." The purpose of the letter, according to appellant, was to enlist the employer's "aid in collection of the alleged

and purported debt'' to respondents. As a result of the letter, appellant was forced to resign his job with the Post Office. Appellant alleges that respondents should have known this result would follow when they sent the letter and that respondents intended to convey by the letter the implication that appellant refused to pay a just debt, whereas, in fact, the debt was disputed by appellant. Appellant concludes from these facts that respondents acted with malice in sending the letter.

The theory of appellant's cause of action is that respondents invaded his right of privacy by writing the letter to his employer. The governing law as recently summarized by this court is as follows: ''Section 867 of the Restatement of the Law of Torts provides as follows: 'A person who unreasonably and seriously interferes with another's interest in not having his affairs known to others or his likeness exhibited to the public is liable to to [*sic*] the other.' (Rest., Torts, § 867.) ▉ The right of privacy is recognized in California as a justiciable right. ' ''The right of privacy has been defined as the right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity. In short it is the right to be let alone.'' ' (*Melvin* v. *Reid,* 112 Cal.App. 285, 289 [297 P. 91]; see also *Kerby* v. *Hal Roach Studios,* 53 Cal.App.2d 207 [127 P.2d 577].) '' (*Schwartz* v. *Thiele,* 242 Cal.App.2d 799, 804-805 [51 Cal.Rptr. 767].)

▉ Authorities have generally recognized that a creditor or his collection agent has a limited right to reveal to others the existence of a debtor's obligation in order to collect the debt. Although this right has not been extended to include a privilege of informing the public in general of the indebtedness (see *Trammell* v. *Citizens News Co.* (1941) 285 Ky. 529 [148 S.W.2d 708]; *Brents* v. *Morgan* (1927) 221 Ky. 765 [299 S.W. 967, 55 A.L.R. 964]) or a privilege of using excessively oppressive means of collection (see Annots. 15 A.L.R.2d 108, 158, 106 A.L.R. 1453, 91 A.L.R. 1495), it has been held to cover communications to the debtor's employer disclosing the fact of the debt, even if disputed, and requesting the aid of the employer. (See *Harrison* v. *Humble Oil & Refining Co.* (D.S.C. 1967) 264 F.Supp. 89; *Yoder* v. *Smith* (1962) 253 Iowa 505 [112 N.W.2d 862]; *Gouldman-Taber Pontiac, Inc.* v. *Zerbst* (1957) 213 Ga. 682 [100 S.E.2d 881]; *Hawley* v. *Professional Credit Bureau* (1956) 345 Mich. 500 [76 N.W.2d 835]; *Lucas* v. *Moskins Stores, Inc.* (Ky.App. 1953) 262 S.W.2d 679; *Voneye* v. *Turner* (Ky.App. 1951) 240

S.W.2d 588; *Patton* v. *Jacobs* (1948) 118 Ind.App. 358 [78 N.E.2d 789]; *Lewis* v. *Physicians & Dentists Credit Bureau, Inc.* (1947) 27 Wn.2d 267 [177 P.2d 896]. See also Annot. 14 A.L.R.2d 750, 770; 77 C.J.S., Right of Privacy, § 2, p. 401; Prosser, Law of Torts (3d ed.) 834-835.)

Several arguments have been advanced in support of this right. One rationale is based upon the mutual interest of the parties to the communication: the creditor's interest in gaining the assistance of the employer in his collection efforts and the employer's interest in protecting himself against dishonest employees or unnecessary involvement in wage assignments, garnishment actions, and other creditor proceedings. (See *Yoder* v. *Smith, supra,* 253 Iowa 505 [especially, concurring opinion].) Another ground was considered in *Schwartz* v. *Thiele, supra*: "Prosser in discussing the right of privacy as it relates to the public disclosure of private facts says: 'Some limits of this branch of the right of privacy appear to be fairly well marked out. The disclosure of the private facts must be a public disclosure, and not a private one; there must be, in other words, publicity.' (Prosser on Torts (3d ed.) § 112, p. 835; see also *Werner* v. *Times-Mirror Co.,* 193 Cal. App.2d 111, 120 [14 Cal.Rptr. 208].) 'It is pointed out in Prosser on Torts (2nd ed.), § 97 that except in cases of physical intrusion the tort must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few.' (*Santiesteban* v. *Goodyear Tire & Rubber Co.* (5th Cir. 1962) 306 F.2d 9, 11.)" (242 Cal.App.2d at p. 805). Accordingly, Prosser has noted, "[i]t is an invasion of the right [of privacy] to publish in a newspaper that the plaintiff does not pay his debts, or to post a notice to that effect in a window on the public street or cry it aloud in the highway; but . . . it has been agreed that it is no invasion to communicate that fact to the plaintiff's employer, or to any other individual, or even to a small group. . . ." (footnotes omitted) (Prosser, Privacy (1960) 48 Cal.L.Rev. 383, 393.)

Appellant has alleged no facts which would bring his case within one of the recognized exceptions to this privilege of limited disclosure, such as the inclusion of "slanderous, libelous, defamatory, or coercive matter" in the communication (77 C.J.S., Right of Privacy, *supra,* p. 401), unnecessary frequency or volume of correspondence, or malice. (See *Housh* v. *Peth* (1956) 165 Ohio St. 35 [133 N.E.2d 340] [harassment by continual telephone calls and letters]; *Pack* v. *Wise* (La.App.

1963) 155 So.2d 909 [malice; letter sent after defendant had been informed of plaintiff's defense and had been requested not to contact the employer again]; *Quina* v. *Roberts* (La. App. 1944) 16 So.2d 558 [malice; letter to employer accompanied by paper simulating court document in which debt was overstated]; *City Purchasing Co.* v. *Clough* (1928) 38 Ga. App. 53 [142 S.E. 469] [malice; creditor attempted to serve employer with a wage assignment which he knew was void and illegal].) His bare allegation that respondents' acts were "wilful, deliberate and malicious," without a recitation of facts tending to show such malice, is merely conclusionary and thus is insufficient to support the complaint. (See *Locke* v. *Mitchell,* 7 Cal.2d 599, 603-604 [61 P.2d 922]; see also 30 Cal.Jur.2d, Libel and Slander, § 175, p. 797.) The fact that the debt was disputed and the fact that respondents knew the likelihood of appellant's being pressured by his employer to pay it do not in themselves, as we have indicated, serve to remove the communication from the scope of the privilege. (See *Yoder* v. *Smith, supra,* 253 Iowa 505; *Gouldman-Taber Pontiac, Inc.* v. *Zerbst, supra,* 213 Ga. 682; *Lucas* v. *Moskins Stores, Inc., supra,* 262 S.W.2d 679.)

The judgment is affirmed; the purported appeal from the order sustaining the demurrer is dismissed.