Filed 4/30/13  Walker v. City of Los Angeles CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LARRY WALKER,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>      Defendant and Respondent. | B236376<br>(Los Angeles County<br>Super. Ct. No. BC412860) |

APPEAL from a judgment and order of the Superior Court of Los Angeles, Ruth Ann Kwan, Judge.  Affirmed.

Law Offices of Leo James Terrell and Leo James Terrell for Plaintiff and Appellant.

Vanderford & Ruiz, Rodolfo F. Ruiz and Nathan V. Okelberry for Defendant and Respondent.

Appellant Larry Walker appeals the trial court's grant of summary judgment in favor of respondent City of Los Angeles (the City) on his claim for invasion of privacy. Appellant contends the court abused its discretion in denying his request for continuance of the summary judgment motion, that the court's award of attorney fees to the City based on the finding that he lacked reasonable cause to assert his claim was unsupported, and that the fees awarded were unreasonable. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Original Complaint*

In April 2009, Walker, acting in propria persona, filed a complaint against the City asserting a number of claims, including one for invasion of privacy.[1] Walker had been employed by the City as an Airport Police Officer since March 1988. The complaint alleged, among other things, that his privacy had been invaded when "[d]efendants" told "the entire roll call" that Walker had suffered a stroke.[2]

B. *Proceedings in Federal Court*

The City removed the matter to federal court. After the removal, Walker filed three amended complaints to add new causes of action, including a claim under the equal protection clause and claims under the Fair Employment and Housing Act (Gov. Code, § 12940 et seq.; FEHA) for disability discrimination, failure to accommodate and failure to engage in the interactive process. In April

---

[1] Other claims asserted were for breach of contract, wrongful discharge, intentional infliction of emotional distress, violation of leave rights, and "denial of promotion."

[2] Although the complaint did not specifically so state, it is undisputed that Walker suffered a stroke in March 2007 and had been off work since May 2007.

2

2010, attorney Leo Terrell substituted in as counsel for Walker.[3] The district court subsequently dismissed four of appellant's causes of action and the parties stipulated to dismissal of one cause of action, leaving only the claims for breach of contract and invasion of privacy.[4]

The City moved for summary judgment in November 2010. By order dated December 9, 2010, the district court granted summary adjudication with respect to the breach of contract claim, finding Walker had failed to exhaust the grievance procedures of the parties' collective bargaining agreement. Walker had not filed an opposition to the motion but had instead filed a request for continuance under Federal Rule of Civil Procedure 56(f). The court denied the request, finding Walker had failed to identify any facts bearing on the breach of contract claim that further discovery would reveal. The court remanded appellant's invasion of privacy claim to state court, explaining that it had not "invested time familiarizing itself with [Walker's] remaining invasion of privacy claim and the supporting facts."

---

[3] In December 2010, Walker filed a separate lawsuit in state court for disability discrimination and retaliation in violation of FEHA, essentially contending that for a period following the initiation of the original lawsuit, the City refused to reinstate him, although his doctors approved his return to work. Prior to filing the December 2010 complaint, Walker had sought and been denied permission from the district court to add those claims to the original action then pending in federal court. Walker subsequently voluntarily dismissed the second suit.

[4] In denying the City's motion to dismiss the invasion of privacy claim, the court stated: "The Court's research reveals no California case law holding that a supervisor's dissemination of an employee's medical condition to his coworkers is a violation of a legally protected privacy interest. However, 'since enactment of the privacy provision, the California Supreme Court has held that it protects one from the improper use of information which has been properly obtained,' and that 'the right to control circulation of personal information is fundamental.' [Citations.] Furthermore, the 'zones of privacy' created by the California Constitution extend to the details of one's medical history. [Citation.] The Court therefore finds that Walker's allegations sufficiently implicate a legally protected privacy interest."

C. *Original State Court Motion for Summary Judgment*

Within days of remand, the City moved for summary judgment on the sole remaining claim for invasion of privacy, raising the same arguments made in its motion for summary judgment before the district court. The City established that although Walker had stated in responses to interrogatories that he had heard from fellow employee Jesse Pharr that Sergeant Harold Evans -- who supervised Walker's unit -- had "'disclosed to the entire "roll call" that [Walker] had a stroke,'" Walker subsequently admitted at his deposition that he did not know who allegedly disclosed this information to Pharr, and that Pharr had not told him it was Sergeant Evans.[5]

In further support of the motion, the City submitted the declarations of Sergeant Evans and Pharr, which had previously been submitted in support of the motion for summary judgment filed in federal court. In his declaration, Sergeant Evans denied knowing that Walker had suffered a stroke or had any other specific medical condition. He further denied disclosing that appellant suffered from a medical condition of any kind to anyone except his commanding officer, Lieutenant Carolyn Smith, whom he was obliged to notify because Walker was taking time off work. Pharr denied hearing from Sergeant Evans or any other supervisor that Walker had suffered a stroke, denied being present at any roll call during which any supervisor had said that Walker had suffered a stroke, and

---

[5]     Walker testified in his deposition that Pharr had mentioned hearing about the stroke at a roll call, but did not say who provided the information. Walker specifically testified that the response to the interrogatory was an error and that "Harold Evans didn't say it." Walker also testified that when he suffered the stroke, which occurred when he was at work, he experienced visible symptoms -- including the inability to speak coherently -- in front of three co-workers. Thereafter, he returned to work for a brief period, but continued to have difficulty speaking. Walker further testified he had told another employee -- Officer McFraser -- about the side effects of the stroke.

4

specifically denied telling Walker that information about his stroke had been disclosed during a roll call.

On January 3, 2011, Walker's counsel Terrell filed an ex parte application to vacate the March 9 hearing date for the motion for summary judgment, claiming that he had been unable to secure the depositions of essential witnesses. The court vacated the hearing date and reserved the date of July 8, 2011 for the hearing on the City's summary judgment motion.[6]

### D. *Renewed Motion for Summary Judgment*

In April 2011, the City resubmitted its summary judgment motion, noticing the reserved hearing date of July 8, 2011. The motion and supporting papers were identical to those filed in December 2010, including the declarations of Sergeant Evans and Pharr which had first been submitted in connection with the federal motion.

After receiving the renewed motion, Walker noticed the depositions of Sergeant Evans, Pharr, and Lieutenant Smith. Walker also served notices of deposition of the persons most knowledgeable (PMKs) with regard to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.; ADA), the Health Insurance Portability and Accountability Act of 1996 (Pub. L. No. 104-191 (August 21, 1996) 110 Stat. 1936; HIPAA), and the Department of Fair Employment and Housing (DFEH) rules re disability. The latter depositions were scheduled for June 2. Contending that the categories were overbroad and irrelevant to the pending invasion of privacy claim, the City sought a protective

---

[6] After the district court granted summary adjudication and remanded the invasion of privacy claim to state court, attorney Terrell withdrew notices of deposition for five witnesses scheduled for December 2010. He waited nearly six months to reschedule them, despite knowing of the City's summary judgment motion and of the July 8, 2011 hearing date.

5

order. Walker moved to compel, contending the notices were sufficiently specific and that the depositions should go forward.

On May 31, 2011, Terrell commenced the deposition of Sergeant Evans. Terrell unilaterally terminated the deposition, however, contending counsel for the City was using improper speaking objections to coach the witness and disrupt his answers. Terrell then refused to go forward with the depositions of Pharr and Lieutenant Smith, scheduled for the same day, despite the fact that Pharr was present and Lieutenant Smith was en route.[7]

On June 20, 2011, Walker applied ex parte to continue the motion for summary judgment, contending the City's counsel had engaged in dilatory tactics, disrupted witness depositions, and prevented Walker from obtaining necessary discovery. In his application, Walker also sought to advance the hearing on the City's motion for a protective order and his motions to compel. The court denied the application.

On June 24, 2011, Walker filed an "opposition" to the summary judgment motion, consisting of a three-page memorandum of points and authorities and a declaration from Terrell in which he contended that he needed additional time to complete discovery to properly respond to the motion. To support this contention, Terrell pointed to the ongoing disputes over the persons most knowledgeable depositions and over defense counsel's alleged "unprofessional conduct and dilatory tactics" at Sergeant Evans's deposition. Terrell asserted, without elaboration, that the persons most knowledgeable depositions were essential to opposing the summary judgment motion because they were "likely to present

---

[7]     Terrell subsequently moved to compel the depositions of all three of the deponents whose depositions he had unilaterally cancelled, as well as those of the PMKs. He identified no question Sergeant Evans or any witness had refused to answer, and noticed the hearing on his motion for a date after the summary judgment motion was to be heard.

6

controverting evidence to show a triable issue of material fact exists." He further stated that he intended at the depositions of Sergeant Evans, Pharr and Lieutenant Smith "to challenge their credibility by impeaching [their] declarations." Terrell's declaration provided no explanation for his failure to notice these depositions earlier.

Walker filed no counterstatement of facts and submitted no evidence with the opposition. Terrell addressed the substance of the claim in a few sentences of his own declaration, stating: (1) "Harold Evans admitted that he had never heard of HIPAA and did not know what it was. Thus, when Harold Evans disclosed [Walker's] medical condition, [Sergeant] Evans did so without knowing [Walker's] privacy rights under HIPAA"; and (2) "[The City's] summary judgment motion argues that Harold Evans' disclosure of [Walker's] medical condition was necessary and thus not unlawful. However, Harold Evans also admitted in his deposition testimony that [Walker] was not working at the time [Sergeant] Evans . . . disclosed the stroke to third parties. Any argument for necessity is thus without merit, as there existed no immediate urgency or threat that [Walker's] medical condition would affect [Walker's] ability to perform his duties, because [Walker] was not currently working."[8]

The court granted the motion for summary judgment. In a detailed written order, the court stated that with respect to the motion to continue, Walker had not established that facts essential to opposing the motion existed. He had, instead, offered "speculative and conclusory" statements about what additional discovery would reveal. The court explained: "[Attorney Terrell] failed to provide the Court

---

[8] No deposition transcripts were attached. The City objected to the statements of counsel with respect to Sergeant Evans's testimony as inadmissible hearsay and as a mischaracterization of the testimony. The court sustained the objections to Terrell's declaration, and Walker does not challenge that ruling on appeal.

with information to establish what evidence he expects to obtain from the depositions and/or why the information sought is essential to opposing the motion for summary judgment/adjudication," merely stating in his declaration that the noticed depositions were "'likely to present controverting evidence to show a triable issue of material fact'" and that he hoped to challenge the credibility of the witnesses. The court also found a lack of diligence, pointing out that the City had originally filed and served its motion for summary judgment in December 2010, and that the court had provided Walker with additional time to conduct discovery when it granted his ex parte application in January 2011.

With respect to the merits, the court pointed to the evidence establishing that Walker had suffered the stroke while at work and had been observed by multiple fellow employees having difficulty speaking that day and on the days that followed. In addition, the evidence established that Walker had discussed the effects of the stroke with a fellow employee. Based on this evidence, the evidence that Sergeant Evans denied telling anyone except his commanding officer, Lieutenant Smith, that Walker had suffered from a medical condition, and the evidence that Pharr had not heard any supervisor state that Walker suffered a stroke or other medical condition, the court found the City had met its burden of showing that Walker's invasion of privacy cause of action had no merit.

### E. *City's Request for Attorney Fees*

After the court granted summary judgment, the City moved for an award of attorney fees and costs in the amount of $46,281. The City contended it was entitled to attorney fees and costs under section 1038 of the Code of Civil Procedure, which permits recovery of attorney fees by the defendant public entity in an action brought under the California Tort Claims Act, if the trial court determines that the action was not brought "in good faith and with reasonable

8

cause." The City contended Walker's claim for invasion of privacy lacked reasonable cause because (1) there was no admissible evidence of public disclosure of Walker's medical condition; (2) an oral disclosure could not form the basis for an actionable invasion of privacy; and (3) disclosure during a roll call did not constitute a public disclosure.

The court awarded attorney fees in the amount of $15,000. In its written order, the court explained: "[Walker] maintained the invasion of privacy claim against [the City] without reasonable cause and/or without a good faith belief there was a justifiable controversy under the facts and law which warranted the filing of the complaint because there was no admissible evidence of disclosure. [Citation.] In response to discovery, [Walker] contend[ed] he 'was informed by [Pharr] that [Pharr] heard [Evans] disclose[] to the entire 'roll call' that [Walker] had a stroke, a fact not already known to [Walker's] co-workers' and Evans . . . disclosed [Walker's] stroke to Caroline Harris [sic]. [Citation.] However, [the City's] motion for summary judgment contained overwhelming evidence showing Officer Pharr never heard Evans state during roll call that [Walker] had a stroke or other medical condition, Officer Pharr never informed [Walker] he was present at a roll call during which Evans stated [Walker] had a stroke or medical condition, Evans did not state in roll call that [Walker] had a stroke or other medical condition, and Evans only informed Carolyn Smith about the information provided by [Walker] because he was required to do so for administrative purposes. [Citation.]" (Fn. omitted.)

With respect to the amount of the award, the court concluded that the City's request was "excessive" because it included attorney fees incurred in the district court proceedings and because "some of the entries on the billing statement are high and unnecessary." The court found that $15,000 was "reasonable under the

9

circumstances." Walker appealed the judgment and the order granting attorney fees.

## DISCUSSION

A.  *Denial of Request for Continuance*

1.  *Standard of Review*

Subdivision (h) of Code of Civil Procedure section 437c (section 437c) provides that if it appears "that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." The party seeking a continuance "'"must show:  (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]" [Citation.]'" (*Desaigoudar v. Meyercord* (2003) 108 Cal.App.4th 173, 190, quoting *Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633.) While many appellate courts apply an abuse of discretion standard to the review of a trial court's determination under subdivision (h) of section 437c (see, e.g., *ibid.*; *Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1270; *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 100), some courts have suggested that because subdivision (h) "mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that additional time is needed to obtain facts essential to justify opposition to the motion" we should apply a stricter standard in determining whether the submitted affidavit made the requisite showing. (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 253-254 (*Cooksey*); accord, *Park v. First American Title Co.* (2011) 201 Cal.App.4th 1418, 1428; see *Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 167; *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 34.) We need not

resolve whether a stricter standard applies to any aspect of our review because we would uphold the trial court's ruling whichever standard applies.

### 2. *Adequacy of Terrell's Declaration*

To support the continuance of an opponent's motion for summary judgment, the moving party's affidavits must do more than parrot the language of the statute. "[S]ection 437c, subdivision (h) requires more than a simple recital that 'facts essential to justify opposition may exist.' The affidavit or declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715.) Otherwise, the statute could be "employed as a device to get an automatic continuance by every unprepared party who simply files a declaration stating that unspecified essential facts may exist." (*Id*. at pp. 715-716; accord, *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532 [attorney's assertion that "'discovery is reasonably necessary to determine who, if not the presently named individual, is responsible' for the negligent failure to design, fit, maintain, and inspect the door latch" inadequate to support continuance]; *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [declaration stating that two depositions were incomplete and that plaintiff had not yet obtained expert opinion did not establish that facts might exist to support opposition to summary judgment].) Moreover, the declaration must explain how the facts expected to be uncovered in the discovery process are related to the issues raised by the motion and necessary to the opposition. (*Cooksey*, *supra*, 123 Cal.App.4th at p. 255; *Waisbren v. Peppercorn Productions, Inc*. (1995) 41 Cal.App.4th 246, 263.)

In his declaration, Terrell made the conclusory assertion that the depositions of persons most knowledgeable concerning the ADA, the HIPAA, and DFEH rules re disability were "essential to opposing [the City's] summary judgment motion

11

because they are likely to present controverting evidence to show a triable issue of material fact exists."[9] With respect to Sergeant Evans, Pharr and Lieutenant Smith, Terrell's declaration said nothing about the information to be obtained from these individuals, but merely that he wished to attack their credibility.[10] In moving for summary judgment, the City established that Sergeant Evans, the sole person Walker suspected of broadcasting private information during a roll call, had not done so, and that Pharr had not heard about the stroke from any supervisor for whose actions the City was potentially responsible. Terrell's declaration did not suggest how deposing persons knowledgeable about certain laws would be relevant to the invasion of privacy claim or necessary to the opposition. Nor did Terrell provide any detail with respect to what controverting evidence the questioning of Pharr and Lieutenant Smith or the additional questioning of Sergeant Evans would likely uncover. Accordingly, the declaration was inadequate to support the requested continuance, as the trial court found.

### 3. *Lack of Diligence*

Although the trial court's denial of the request for continuance was fully justified by the inadequacy of counsel's supporting declaration, its determination

---

[9]   Walker does no better on appeal, contending only that the depositions "would potentially controvert evidence presented by [the City] to refute the first element of invasion of privacy[:] engaging in conduct that invaded plaintiff's privacy interests."

[10]   In his opening brief, Walker discusses in detail the conduct of counsel which he maintains justified terminating Sergeant Evans's deposition prematurely and cancelling the depositions of Pharr and Lieutenant Smith, but says nothing about what he believed these deponents might have revealed. In his reply brief, Walker discusses subjects of inquiry that might have come up at these depositions, essentially inviting us to speculate how the witnesses would have responded to inquiries never made. Such speculation fails to establish that the witnesses were likely to reveal relevant controverting evidence. Moreover, as the trial court noted, Terrell failed to file a "Motion to Compel Deposition Answers" after unilaterally terminating Sergeant Evans's deposition and declining to take the depositions of Pharr and Lieutenant Smith.

that counsel's lack of diligence constituted further ground to deny the request is also supported by the record and provides an alternate basis for affirmance.

"Where a lack of diligence results in a party's having insufficient information to know if facts essential to justify opposition may exist, . . . the trial judge may deny the request for continuance of the motion." (*Desaigoudar v. Mercord*, *supra*, 108 Cal.App.4th at p. 190.) "A good faith showing that further discovery is needed to oppose summary judgment requires some justification for why such discovery could not have been completed sooner." (*Cooksey*, *supra*, 123 Cal.App.4th at p. 257.)[11] An attorney's decision to delay discovery for "tactical reasons" is not an adequate justification. (*Ibid*.; see *Tilley v. CZ Master Assn.* (2005) 131 Cal.App.4th 464, 490-491 [trial court did not abuse discretion in denying second continuance when record made clear party was manipulating circumstances to delay summary judgment for as long as possible].)

The record in this case establishes an utter lack of diligence on Walker's part and a desire to delay as a strategic device. The invasion of privacy claim was included in the original complaint filed in April 2009. The City filed for summary judgment in November 2010. The declarations of Sergeant Evans and Pharr made clear the City's position with respect to the invasion of privacy claim: Sergeant

---

[11] As the parties discuss in their briefs, the Fourth District has questioned whether lack of diligence alone "should make or break a continuance request under . . . section 437c, subdivision (h)." (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 398; see *Frazee v. Seely, supra,* at p. 635 ["As we noted in *Bahl v. Bank of America*, the statute makes no mention of a need to show diligence, 'which raises obvious doubts about its relevance.'"].) The statements in both cases represented dicta, as the courts found that both moving parties had been reasonably diligent. (See *Bahl v. Bank of America*, *supra*, at p. 397; *Frazee v. Seely*, *supra*, at p. 635.) In any event, we agree with the analysis of Division Five of this District in *Cooksey*, that the statutory requirement of a declaration setting forth "reasons" why "'facts essential to justify opposition . . . cannot . . . then be presented'" necessarily signals that the reasons given must be valid and that "[a]n inappropriate delay in seeking to obtain the facts" is not such a reason. (*Cooksey*, *supra,* 123 Cal.App.4th at p. 257, italics omitted.)

Evans had told no one other than his supervisor about Walker's medical condition, which he was unaware had been diagnosed as a stroke, and Pharr had not heard about the stroke from Sergeant Evans or any other supervisor. The declarations were refiled in support of the state court summary judgment motion after remand. Walker sought a continuance and the court moved the hearing date forward to July 2011, giving Walker six months to conduct additional discovery. Walker did nothing until the City resubmitted its moving papers in April 2011, at which time he urgently noticed six depositions, including those of the key witnesses whose identities and significance had been known since the case was filed. Terrell's declaration gave no reason for the delay. Instead, he sought to shift the blame to the City's counsel because in response to his last-minute deposition notices, discovery disputes arose which could not be resolved in the time remaining. Such disputes are commonplace and should have been anticipated when the court granted the continuance.

On appeal, Walker attempts to support his attorney's inaction with the specious contention that he had "no way" of "decipher[ing] if [the City] would have kept a consistent approach regarding the invasion of privacy claim" and that he was being "held retroactively responsible for the fact that [the City] happened to file an identical motion in April 2011, to the Motion that was previously vacated in December 2010." A plaintiff has an obligation to conduct all discovery necessary to establish the essential facts of the claims alleged in the complaint without regard to the defense's strategy with respect to summary judgment. The record indicates that Walker filed the invasion of privacy claim based on the erroneous claim that Sergeant Evans had revealed at a roll call that Walker had suffered a stroke. He was made aware in late 2010 that Sergeant Evans denied knowing Walker had been diagnosed as having suffered a stroke and denied having told anyone other than Lieutenant Smith that Walker had suffered an incapacitating medical

14

condition of any kind. Walker himself confirmed in his November 2010 deposition that Harold Evans had not revealed Walker's stroke to others at roll call. Moreover, Pharr denied hearing about Walker's stroke from Evans or any other supervisor. As the opposition to the summary judgment motion attests, Walker was in possession of no admissible evidence to controvert these witnesses or to support a claim that information about his medical condition had been disseminated by anyone for whom the City was potentially liable. The court granted him a continuance in order to allow him to obtain such evidence. He failed to take advantage of the opportunity. The court was not required to provide a second chance. "The statute does not provide for an unlimited number of continuances." (*Roth v. Rhodes*, *supra*, 25 Cal.App.4th at p. 547.) The lack of diligence as well as the inadequacy of the showing justified the court's decision to deny the second request for continuance of the motion for summary judgment.[12]

B. *Grant of Summary Judgment*

Although Walker does not purport to raise any issues concerning the merits of the court's grant of summary judgment, his brief suggests the motion was improvidently granted because Sergeant Evans's deposition testimony established that when he disclosed to Lieutenant Smith that Walker had a medical condition, Walker was no longer going into work, and there was no "immediate urgency or threat that [Walker's] medical condition would affect [his] ability to perform his

---

[12] Walker contends that the trial court's abuse of discretion in refusing to grant a continuance is established by reference to the fact that the same judge granted a defense request for continuance of the trial in the related case filed in December 2010. The court's decision to deny the second request for continuance was supported by the record. Its decision to continue a trial in a related, but distinct, matter has no bearing on the current appeal.

15

duties."[13]  Preliminarily, we point out that Walker's opposition contained no separate statement of facts or exhibits, and the trial court sustained the City's hearsay objections to the portions of Terrell's declaration purporting to paraphrase Sergeant Evans's deposition testimony.  Accordingly, no such evidence was properly before the court.  Additionally, the opposing party's failure to comply with the requirement of filing a separate statement of facts alone constitutes sufficient grounds to grant a summary judgment motion.  (Code Civ. Proc., § 437c, subd. (b)(3).)  Finally, even had the deposition testimony been properly submitted, it would not have raised a material issue of fact.

The tort of invasion of privacy may be committed by "'(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern.'"  (*Shulman v. Group W Productions, Inc*. (1998) 18 Cal.4th 200, 214.)  "Liability for the common law tort requires publicity; disclosure to a few people in limited circumstances does not violate the right."  (*Ignat v. Yum! Brands, Inc*. (2013) 214 Cal.App.4th 808, 820; see, e.g., *Porten v. University of San Francisco* (1976) 64 Cal.App.3d 825, 828 [university's disclosure of transcript to scholarship commission did not constitute communication to public at large]; *Timperley v. Chase Collection Service* (1969) 272 Cal.App.2d 697, 699 [creditor has limited right to reveal to others existence of debtor's obligation in order to collect debt]; *Schwartz v. Thiele* (1966) 242 Cal.App.2d 799, 805-806 [defendant's

---

[13]     Walker also attempts to attach significance to the evidence establishing that Sergeant Evans was unfamiliar with the HIPAA, which, according to Walker, requires employers to keep employees' medical conditions confidential.  Walker identifies no authority for this proposition; indeed, he cites to no specific provision of this statute in either of his briefs.  Regardless, evidence of Sergeant Evans's lack of familiarity with a complex statute does not controvert his assertion that he did not disclose Walker's private medical information to any unauthorized third party.

communication to mental health counselor that plaintiff might be in need of care and treatment not a public disclosure].)[14]

We disagree that Sergeant Evans had no legitimate reason for disclosing to his superior the reason an employee under his supervision was out on a prolonged leave. Moreover, as the above authorities make clear, disclosure to a single person cannot support the tort. The City presented evidence negating an essential element of the claim -- public disclosure of a private fact by a person for whom the City was potentially liable -- and establishing that Walker did not possess evidence needed to support the element. (See *Superior Dispatch, Inc. v. Insurance Corp. of New York* (2010) 181 Cal.App.4th 175, 186.) The burden shifted to Walker to show that a triable issue of material fact existed. (*Ibid.*) He failed to do so. The trial court did not err in granting summary judgment.


C. *Award of Attorney Fees*

Code of Civil Procedure section 1038 provides that "[i]n any civil proceeding under the California Tort Claims Act," the court shall "at the time of the granting of any summary judgment . . . determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint . . . ." If the court determines the proceeding "was not

---

[14] The City cites a number of authorities for the proposition that the common law right of privacy against public disclosure cannot be infringed by oral communications but requires a writing. (See, e.g., *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 27, fn. 7; *Grimes v. Carter* (1966) 241 Cal.App.2d 694, 698.) Recently, the Fourth District found that the requirement of a writing originated in dictum and was contrary to the tort's purpose and therefore concluded a writing was not required to maintain an action for public disclosure of a private fact. (*Ignat v. Yum! Brands, Inc.*, *supra*, 214 Cal.App.4th at p. 819.) We need not choose sides in this debate as we resolve the issues presented on other grounds.

17

brought in good faith and with reasonable cause," the court "shall render judgment in favor of [the defendant] in the amount of all reasonable and necessary defense costs," including "reasonable attorneys' fees." (Code Civil Proc., § 1038, subds. (a)-(b).)

"Good faith, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind [citations]." (*Knight v. City of Capitola* (1992) 4 Cal.App.4th 918, 932, disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, italics omitted.) As a party's "subjective state of mind will rarely be susceptible of direct proof[,] usually the trial court will be required to infer it from circumstantial evidence." (*Ibid.*) "Because the good faith issue is factual, the question on appeal will be whether the evidence of record was sufficient to sustain the trial court's finding." (*Ibid.*) The term "'reasonable cause'" is generally considered synonymous with "'probable cause'" and is "defined under an objective standard as '"whether any reasonable attorney would have thought the claim tenable."'" (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 857 (*Kobzoff*), quoting *Carroll v. State of California* (1990) 217 Cal.App.3d 134, 141.) "Because the opinion of the hypothetical reasonable attorney is to be determined as a matter of law, reasonable cause is subject to de novo review on appeal." (*Knight v. City of Capitola*, *supra*, at p. 932.) "Section 1038 applies not only to initiation of an action but also to steps to pursue it after it has been filed." (*Id.* at p. 931.)

"[T]he statute quite clearly indicates plaintiffs must not only bring (or maintain) their action 'with reasonable cause,' but must also bring (or maintain) it 'in the good faith belief that there [is] a justifiable controversy under the facts and law.'" (*Kobzoff*, *supra*, 19 Cal.4th at p. 861, quoting Code Civ. Proc., § 1038, subd. (a).) Accordingly, "before denying a section 1038 motion, a court must find the plaintiff brought or maintained an action in the good faith belief in the action's

18

justifiability *and* with objective reasonable cause." (*Kobzoff*, *supra*, at p. 862, italics added.) Here, the trial court found that Walker maintained the invasion of privacy claim against the City without reasonable cause and without a good faith belief in the existence of a valid claim. Because our independent review leads us to conclude that reasonable cause was lacking, we need not consider whether Walker acted in subjective bad faith.

A plaintiff cannot meet the reasonable cause requirement "simply by showing that he or she had no information, one way or the other, as to the existence of one or more elements of the cause of action. If a legislative purpose to protect public entities from meritless claims is to be served, a plaintiff must bear a burden of investigation sufficient to establish at least a basis for reasonable belief that all elements exist. Abstract hope is not reasonable belief . . . ." (*Knight v. City of Capitola*, *supra*, 4 Cal.App.4th at p. 933.) "Once what the plaintiff (or his or her attorney) knew has been determined, or found to be undisputed, it is for the court to decide '"whether any reasonable attorney would have thought the claim tenable . . . ."'" (*Id.* at p. 932, quoting *Carroll v. State of California*, *supra*, 217 Cal.App.3d at p. 141.)

The record makes clear that Walker's claim for invasion of privacy was based on the erroneous belief that Sergeant Evans had revealed information about his medical condition during a roll call. It is equally clear that Walker had no objectively valid reason for that belief and based it solely on a conversation with Pharr, during which Pharr allegedly stated that he had heard about Walker's stroke at a roll call but did not identify who said it or the circumstances under which it was said. By the time of the first summary judgment motion, it was apparent that Sergeant Evans was not the party who revealed it to Pharr and that Walker had no reason to believe that Pharr had heard it from any other supervisor. Moreover, the evidence established that a number of Walker's fellow employees were aware of

19

his condition, having been present when he suffered the stroke, when he attempted without rehabilitation to resume his duties, and when he spoke about it himself, suggesting that Pharr could have learned the information from a variety of sources. Yet Walker continued to maintain the action and resist the City's efforts to obtain judgment. Under these circumstances, the trial court was warranted in awarding attorney fees to the defendant City.[15]

Walker contends the amount awarded was arbitrary. We disagree. The City presented the attorney's written bills as exhibits to its motion. The trial court indicated it had reviewed the evidence and subtracted fees expended during litigation in federal court, as well as unnecessary and excessive fees for services rendered during the litigation in state court. Walker does not contend now, and did not contend below, that counsel's rates were excessive or that any specific item billed after the matter was remanded was unwarranted. "'"The experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong" -- meaning that [the court] abused its discretion.'" (*Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819, 832.)

---

[15] Walker contends the district court's statements when it denied the motion to dismiss supports the objective viability of the claim. The district court's statement was based on the allegations of the pleadings, when the court had no information indicating whether Walker was in possession of supporting evidence. As the court subsequently stated, it had "invested [no] time familiarizing itself with [Walker's] . . . invasion of privacy claim and the supporting facts . . . ."

**DISPOSITION**

The judgment and order awarding attorney fees and costs are affirmed. The City is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


WILLHITE, Acting P. J.


SUZUKAWA, J.


21